UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>SEVERN TRENT SERVICES, INC.,<br>a Pennsylvania corporation,<br><br>    Defendant. | No.  2:14-cv-00689-JAM-DAD<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS** |

   This matter is before the Court on Defendant Severn Trent Services, Inc.'s ("Defendant") Motion to Dismiss (Doc. #6) the seventh cause of action in Plaintiff Kathy Stone's ("Plaintiff") Complaint (Doc. #1).[1]  Plaintiff opposed the motion ("Opposition") (Doc. #9).  Defendant filed a reply (Doc. #11).


   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

   Plaintiff began her employment with Defendant in 2013. Comp. ¶¶ 3-5.  She alleges that in mid-2013, Defendant "commenced

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 18, 2014.

1

1  a plan, scheme or design" to damage her reputation as a manager
2  and with customers by criticizing her work.  Id. ¶ 5.  Plaintiff
3  received a written code of conduct warning on July 29, 2013 that
4  Plaintiff alleges "falsely state[d] that Plaintiff had violated
5  the company's code of conduct."  Id.  Plaintiff alleges that she
6  applied for a promotion and was denied in substantial part
7  because of her sex.  Id. ¶¶ 10-11.  She alleges that during her
8  employment, Defendant created and allowed to exist a sexually
9  hostile environment and discriminated against and harassed her on
10 the basis of her sex.  Id. ¶ 25. Plaintiff alleges that when she
11 attempted to report the harassment by her co-workers, Defendant
12 retaliated against her.  Id. ¶ 35.

13     Plaintiff was injured in an automobile accident during her
14 employment with Defendant while "travelling between sites
15 requiring her supervision."  Comp. ¶ 46.  Plaintiff alleges that
16 this injury "caused her to suffer severe, disabling, physical
17 injury," and interfered with her ability to concentrate and "work
18 in a pain-free environment."  Id.  She claims that Defendant, by
19 its actions, retaliated against her for filing a worker's
20 compensation claim in violation of California Labor Code section
21 132a ("§ 132a").  Id. ¶¶ 45-50.

22     Plaintiff filed the Complaint on March 14, 2014, alleging
23 seven causes of action: (1) Sex Discrimination; (2) Refusal to
24 Promote in Violation of Public Policy; (3) Sexual Harassment;
25 (4) Violation of Government Code § 12940(i); (5) Retaliation for
26 Reporting Harassment; (6) Violation of Government Code § 12950;
27 and (7) Retaliation for Filing a Worker's Compensation Claim.
28 ///

II.   OPINION

Defendant contends the Court should dismiss the seventh cause of action, based on alleged retaliation for filing a worker's compensation claim, because it fails to state a claim upon which relief can be granted.  MTD at p. 2.  Plaintiff brings the claim pursuant to § 132a.  Comp. ¶¶ 45-50.  Defendant argues that the Workers' Compensation Appeals Board ("WCAB") is the exclusive forum for bringing such claims under § 132a.  MTD at pp. 2, 4-5.

In her Opposition to the motion, Plaintiff first asks the Court to resolve the "tension" between <u>Dutra v. Mercy Medical Center Mt. Shasta</u>, 209 Cal.App.4th 750 (2012) ("<u>Dutra</u>") and <u>City of Moorpark v. Superior Court of Ventura County</u>, 18 Cal. 4th 1143 (1998) ("<u>Moorpark</u>").  Plaintiff then includes a lengthy citation to <u>Fretland V. County of Humboldt</u>, 69 Cal.App.4th 1478 ("<u>Fretland</u>") and the text of an amendment to the Fair Employment and Housing Act ("FEHA"), Government Code § 12940(h).  Based on this, she argues she can bring her claim for retaliation based on § 132a.

Section 132a proscribes retaliation by an employer against an employee who has filed or has made known their intention to file a worker's compensation claim.  Section 132a provides that claims under its provisions "are to be instituted by filing an appropriate petition with the appeals board."  The WCAB is "vested with full power, authority, and jurisdiction to try and determine finally all matters specified in [§ 132a] subject only to judicial review."  § 132a.

The Supreme Court of California has held that § 132a "does

3

not provide an exclusive remedy and does not preclude an employee from pursuing FEHA and common law wrongful discharge remedies." Moorpark, 18 Cal. 4th at 1158.  However, § 132a includes:

> . . . limitations on its scope and remedy that prevent it from being the basis of a common law cause of action. The statute establishes a specific procedure and forum for addressing a violation. It also limits the remedies that are available once a violation is established.  Allowing plaintiff to pursue a tort cause of action based on a violation of section 132a would impermissibly give her broader remedies and procedures than that provided by the statute.

Dutra, 209 Cal. App. 4th at 756.

As Defendant has argued and Plaintiff has failed to expressly address, a claim under § 132a must be brought to the WCAB; the WCAB is the **exclusive forum** for claims under § 132a. See Dutra, 209 Cal.App.4th at 756; Steiner v. Verizon Wireless, 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *3-4 (E.D. Cal. 2014) (§ 132a claim "falls under the exclusive jurisdiction of the Workers' Compensation Appeals Board"); Capote v. CSK Auto, Inc., 12-CV-02958-JST, 2014 WL 1614340, at *12 (N.D. Cal. 2014).  It is simultaneously true that § 132a does not provide the exclusive remedy for the conduct and resulting harm alleged by Plaintiff here, and does not preclude her from "pursuing FEHA and common law [] remedies."  Moorpark, 18 Cal. 4th at 1158.  In other words, although a § 132a claim is not an injured party's exclusive remedy, the WCAB is the "exclusive *forum* for pursuing a section 132a claim."  Id.  Specifically, similar claims under FEHA are viable and not precluded by § 132a as stated in Fretland.  69 Cal.App.4th at 1485-86.  Here, Plaintiff has brought her worker's compensation retaliation claim solely under § 132a.  As a result, the Court finds Plaintiff's seventh cause

4

of action is improperly brought before it.  Accordingly, the Court grants Defendant's Motion to Dismiss with prejudice.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's seventh cause of action for worker's compensation retaliation pursuant to § 132a with prejudice.

IT IS SO ORDERED.

Dated: July 30, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE